Williams, J.
The magistrate was without authority to pass sentence upon the plaintiff in error, on his plea of guilty, unless it was conferred by section 7146, or 7147, of the Revised Statutes. Section 7146, is as follows: “When a person accused of misdemeanor is brought before a magistrate, on the complaint of the party injured, and pleads guilty to the charge, the magistrate shall sentence him to such punishment as he may deem proper, within the limits of the provisions defining the offense, and order the payment of costs; and if the complaint is not by the party injured, and the party accused pleads guilty, the magistrate shall require the party so accused to enter into a recognizance to appear at the proper court, as provided in case where there is no plea of guilty. ”
The question arising under this section is, who is meant by “the party injured?” If every citizen of the state, or member of the community where the offense is committed, is included in those descriptive words, this proceeding in error is without merit. But it is evident they were not used in the statute in that sense. They refer, we think, to the person who suffers'some particular injury from the commission of the offense, either in his person, property, or reputation, as distinguished from that which results to the general public, or local community. Otherwise, the authority of the magistrate to pass sentence, is pracically extended to all cases of misdemeanor brought before him, when there is a plea of guilty; and the last clause of the section is thus rendered nugatory. The legislative purpose in restricting the magistrate’s authority to pass final sentence on a plea of guilty, to those cases where the complaint is made by the person who sustained the injury, *27 probably was to prevent collusive complaints, and insure adequate punishment. We do not doubt that the sentence pronounced by the magistrate was sufficient for the complete attainment of the latter result, in the present case; but in our view ■of the statute, the person who made the complaint against the plaintiff in error, was not “the party injured,” within the meaning’ of that phrase as used in the statute.
Section 7147, provides that, “When the accused is brought before the magistrate, and there is no plea of guilty, he shall as soon as may be, in the presence of the accused, inquire into the complaint ; and if it appears that an offense has been committed, and that there is probable cause to believe the prisoner guilty, he shall order him to enter into a recognizance, with good and sufficient surety, in such an amount as he may deem reasonable, for his appearance at the proper time, before the proper court; otherwise he shall discharg’e him from custody; but if the offense charged is a misdemeanor, and the accused, in writing subscribed by him, and filed before or during the examination, waive a jury, and submit to be tried by the magistrate, he may render final judgment.”
The claim made under this section is, that a plea of guilty, filed by the accused, in writing, is, in effect, a waiver of a jury, and submission to be tried by the magistrate, within the purview of the section, and authorizes him to render final judgment. Sections 7146 and 7147 are consistent with each other. The former prescribes, specifically, the proceeding’s of the magistrate upon a plea of guilty, and the latter those where there is not such a plea. It is obvious, that if -a plea of guilty were given the effect claimed for it under this sec *28 tion, the preceding section would be superseded, and its operation defeated; for then,- in all cases of misdemeanor, whether the complaint was filed by the party injured or other person, the magistrate, upon such a plea, could render final judgment on the ground that the plea was a final submission of the case to him; while the last clause of section 7146, makes it the duty of the magistrate to require the accused to enter into a recognizance for his appearance before the proper court, in all cases of misdemeanor, notwithstanding his plea of guilty, unless the complaint against him was filed by the party injured. The accused might choose to enter such a plea, and be recognized to the proper court for trial, in order to avoid the expense and vexation of the examination, or for other cause deemed sufficient by him, but be unwilling to'submit his case to the magistrate for final judgment. True, the plea may be used against him on the trial, but it is not conclusive evidence of his guilt. At all events, to authorize the magistrate to render final judgment under section 7147, the case, before him must be one which comes within its terms; that is, the accused must in writing*, subscribed by him, waive a jury and submit to be tried by the magistrate, which is essentially a different thing* from a plea of guilty. Such a plea may dispense with,the necessity of. an examination into the truth of the complaint against the accused, but it does not take away his fight of trial by jury. The statute has required his express waiver in writing to deprive him of that, and like other penal statutes, cannot be enlarged by construction. The magistrate therefore exceeded his authority when he passed sentence up *29 on the plaintiff in error; he should have recognized him to the proper court for trial.

Judgment reversed.